UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

October 20, 2010

Patrick T. Dougherty, Esq.
Attorney for Trustee-Plaintiff John S. Lovald
Post Office Box 2376
Sioux Falls, South Dakota  57101-2376

Steven M. Christensen, Esq.
Attorney for Certain Defendants
Post Office Box 583
Deadwood, South Dakota  57732

   Subject:  *Trustee John S. Lovald v. Alvin James Falzerano, et al.*
         (*In re Alvin James Falzerano*), Adv. No. 09-5013;
         Chapter 7; Bankr. No. 07-50303

Dear Counsel:

   The matter before the Court is certain defendants' Motion to Withdraw Deemed Admissions and for Leave to Serve Responses to Requests for Admission Out of Time (doc. 120).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the motion will be granted.

   *Summary.*  John S. Lovald, the trustee administering the chapter 7 bankruptcy case (Bankr. No. 07-50303) filed by Alvin James Falzerano ("Debtor"), commenced an adversary proceeding against Debtor, several members of Debtor's family, and two family-related trusts or estates.  In his complaint, Trustee Lovald sought a determination the nondebtor-defendants owe Debtor, and thus his bankruptcy estate, money for bills associated with the care of certain cattle, rent for the use of land on which Debtor has a life estate, and net profits from cattle sales.  All the defendants eventually answered.

   Trustee Lovald filed a Request for Admissions (doc. 73).  Defendant Douglas Dean Falzerano signed and filed a response (doc. 75) that indicated, though not clearly, it was a joint response by all defendants.  After Trustee Lovald stated, at a subsequent pre-trial conference, he would argue the other defendants' failure to timely file specific responses of their own constituted "deemed admissions" under Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36(a)(3), Defendants Warren Craig Falzerano, Laura L. Fox, Lorelie Lynn Barth, and Vanessa Michelle Falzerano filed a Motion to Withdraw Deemed Admissions and for Leave to Serve Responses to Requests for Admission Out of Time ("Motion to Withdraw") (doc. 120).  They cited Fed.R.Civ.P. 36(b), which provides:

   A matter admitted under this rule is conclusively established unless the

*Re: Lovald v. Falzerano*
October 20, 2010
Page 2

>court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

Trustee Lovald resisted the defendants' Motion to Withdraw (doc. 131). Citing *Hautala v. Progressive Direct Insurance Company*, 2010 WL 1812555, *11 (D.S.D. May 3, 2010), he argued these defendants had failed to "satisfy the first prong of the test under [*Prusia*] that the admitted facts are contrary to the actual facts." The defendants replied (doc. 134), noting the trustee had not claimed any prejudice and somewhat indicating their already-filed late responses (doc. 121) to Trustee Lovald's Request for Admissions (doc. 73) were in lieu of a showing, in their Motion to Withdraw, of how the deemed admissions varied from their response.[1]

*Discussion*. Under Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36(b), the Court must consider two elements before allowing a party to "withdraw" deemed admissions and file an actual response: first, the effect on the litigation of allowing the late response and, second, the prejudice to the resisting party. *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (quoting *Mid Valley Bank v. North Valley Bank*, 764 F.Supp. 1377, 1391 (E.D. Cal. 1991)). No explanation or excuse for failing to timely respond initially is required by the rule. *Id*. Whether to permit the withdrawal is left to the Court's discretion, even if both elements of the rule are met. *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991).

Under the first element, the Court must consider whether permitting the late response will subserve presentation of the merits of the action. *Prusia*, 18 F.3d at 640 (cites therein). Stated another way, if the facts deemed admitted are contrary to the actual facts, permitting the late response is in the interest of justice. *Id*. at 641 (cites therein). The movant bears the burden on this element. *Ropfogel*, 138 F.R.D. at 582. The closer to trial the motion is made, the higher burden the movant faces. *Id*. at 583 (cites therein).

After reviewing the request for admissions and these defendants' new responses, the Court is satisfied the interest of justice is better served by allowing the defendants to withdraw the deemed admissions. The record, so far, is paltry, thus making it difficult for the Court to ascertain what material facts are in dispute and what issues of law need to be addressed before trial. To allow the deemed admissions to be withdrawn and new responses filed late will facilitate the identification of the disputed facts and issues and steer the proceeding toward resolution of Trustee Lovald's complaint on its merits. *United States v. Henderson* (*In re Guardian Trust Co.*), 260 B.R. 404, 410-11 (S.D. Miss. 2000) (cites therein).

---

[1] Ideally, the defendants should have filed their proposed response to Trustee Lovald's Request for Admissions as an attachment to their Motion to Withdraw and waited to formally file the response only if their Motion to Withdraw were granted.

*Re: Lovald v. Falzerano*
October 20, 2010
Page 3

    Under the second element,

> [t]he prejudice contemplated by Rule 36(b) "'relates to the difficulty a party may face in proving its case' because of the *sudden* need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982)). The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. *Davis* [*v. Noufal*], 142 F.R.D. [258,] 259 [(D.D.C. 1992)]; *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D.Kan. 1991). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. [Footnote omitted.] *Davis*, 142 F.R.D. at 259; *Rabil* [*v. Swafford*], 128 F.R.D. [1,] 3 [(D.D.C. 1989)].

*Prusia*, 18 F.3d at 640 (emphasis added). Trustee Lovald, as the party who obtained the deemed admissions, has the burden of establishing prejudice. *Id*.

    Trustee Lovald has not identified any prejudice because of a "sudden" need to obtain evidence to prove his case. The trial is not imminent. Moreover, the responses to his request for admissions these defendants want recognized (doc. 121) are the same as those filed by Defendant Douglas Dean Falzerano (doc. 75). Thus, the second element of Rule 36(b) is met.

    An appropriate order will be entered granting the defendants' motion.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

CLN:sh

cc:    case file (docket original; serve parties in interest)