UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 07-50303 |
| | ) | Chapter 7 |
| ALVIN JAMES FALZERANO | ) | |
| SSN/ITIN xxx-xx-8222 | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE | ) | Adv. No. 09-5013 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | |
| ALVIN JAMES FALZERANO; | ) | |
| DOUGLAS DEAN FALZERANO; | ) | |
| WARREN CRAIG FALZERANO; | ) | DECISION RE:  TRUSTEE- |
| LAURA L. FOX; | ) | PLAINTIFF'S MOTION FOR |
| GERALD WAYNE FALZERANO; | ) | PARTIAL SUMMARY JUDGMENT |
| LORELIE LYNN BARTH; | ) | AGAINST CERTAIN DEFENDANTS |
| VANESSA MICHELLE FALZERANO; | ) | |
| THE FALZERANO CHILDREN'S TRUST; | ) | |
| and THE THERESA ANN | ) | |
| FALZERANO ESTATE. | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Trustee-Plaintiff John S. Lovald's Motion for Partial Summary Judgment Against Defendants Other than Debtor.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This decision shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the motion will be denied.

I.

John S. Lovald, the trustee administering the chapter 7 bankruptcy case (Bankr. No. 07-50303) filed by Alvin James Falzerano ("Debtor"), commenced an adversary proceeding against Debtor, several members of Debtor's family, and two family-related trusts or estates.  In his complaint, Trustee Lovald sought a determination the nondebtor-defendants owe Debtor, and thus his bankruptcy estate, money for bills associated with the care of certain cattle, rent for the pre-petition and possibly post-petition use of nonexempt land on which Debtor has a life estate, and net profits from

-2-

cattle sales.  All the defendants eventually answered.

Trustee Lovald has moved for partial summary judgment against all defendants except Debtor ("the family members") (docs. 87 and 88).  Based on a page from Debtor's schedule F (doc. 88-1 in the adversary proceeding and doc. 1, p. 18 in Bankr. No. 07-50303); a state court judgment for Orand Liebelt and Ruth Liebelt and against Debtor for $15,129.00 plus accruing interest dated September 6, 2007; a letter from Debtor to the Liebelts dated September 26, 2006; and a document entitled Family Settlement Agreement dated December 7, 2001, he argued:

> A plain reading of Exhibits "A" and "B" indicates that Defendants retained Debtor to care for their cattle.  This arrangement included purchasing hay and feeding the hay to the cattle.  Under the arrangement Defendants were to reimburse Debtor for his hay purchases.   All Defendants were aware of this business arrangement since they all signed the Family Settlement Agreement.  Eventually the cattle reached a weight that it was time to sell them.  Upon information and belief Defendants received all of the proceeds and didn't pay for the hay bill at issue.  Defendants have been unjustly enriched at the expense of Debtor's creditors and the bankruptcy estate.

He requested a judgment for $15,129.00 plus interest from September 1, 2007.

The family members responded saying two-thirds of the hay Debtor purchased from Orand and Ruth Liebelt was purchased while Theresa Falzerano was still living and thus before the Family Settlement Agreement was executed by her heirs.  With respect to the remaining one-third, the family members stated they loaned the money to Debtor to purchase the hay and so it was not paid from Debtor's personal funds.  Further, the family members argued Debtor's schedule F "contains ambiguities and contradictions" and the Family Settlement Agreement was never implemented and had been waived by all parties.  In a supporting affidavit, Defendant Warren C. Falzerano, one of the family members, stated he is Debtor's son and is familiar with the subject hay transaction.  He stated one-third of the hay was purchased in 2000, another one-third was purchased before his mother's death in December 2001, and the last third

was purchased in 2002. He said the Family Settlement Agreement was created at the request of the bank that provided operating funds and was intended to implement what the heirs considered would be their mother's intent upon her death, that is, Debtor be given a life estate in the ranch, allowed to operate it, and realize any profits. Warren Falzerano further affied that by agreement of all parties, including Debtor, the Family Settlement Agreement was never followed. In particular, he said the Falzerano Children[']s Trust was never executed, a bank account for this trust was never opened, and the trust never borrowed money to purchase cattle or pay expenses, including the purchase of hay. Instead, Warren Falzerano said the bank loaned Debtor money to purchase the hay and Debtor purchased the hay himself, but apparently diverted the intended loan funds to some other purpose.

Defendant Douglas Dean Falzerano, one of the family members, subsequently released his attorney and filed his own tardy response to Trustee Lovald's summary judgment motion (doc. 138). In his brief in support of his response, Douglas Dean Falzerano agreed with Warren Falzerano that The Falzerano Children[']s Trust was never created. He opined Theresa Falzerano's heirs have instead looked to both her will and the Family Settlement Agreement to govern their dealings. He added Debtor was caring for cattle other than those owned by the family members and some of the hay was fed to those other cattle. Douglas Dean Falzerano also stated the family members paid all bills presented for the care of family members' cattle, but the Liebelt hay bill was never presented. He also alluded to some litigation surrounding the hay purchased from the Liebelts, but that point was unclear.[1] Douglas Dean Falzerano

---

[1] More information about the state court action can be gleaned from the Court's records. Debtor's schedule F (doc. 1 in Bankr. No. 07-50303) indicates the Liebelts obtained a judgment for $15,129.00 in Butte County (South Dakota) case no. 06-284. A later motion by Debtor (doc. 19 in Bankr. No. 07-50303) indicates the judgment was entered September 6, 2007. Orand Liebelt also commenced a

-4-

attached to his response a Schedule F for Theresa Falzerano's 2001 federal income tax return and another Schedule F for her 2002 federal income tax return, in support of the proposition that feed had been purchased for cattle other than the cattle owned by the family members.

II.

Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c)(2). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). A genuine issue of fact is *material* if it might affect the outcome of the case. *Rakes v. Life Investors Ins. Co. of America*, 582 F.3d 886, 893 (8th Cir. 2009). The matter must be viewed in the light most favorable to the party opposing the motion. *Adam v. Stonebridge Life Ins. Co.*, 612 F.3d 967, 971 (8th Cir. 2010).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he identifies the parts of the record that bear out his assertions. *Torgerson v. City of Rochester*, 605 F.3d 584, 594 (8th Cir. 2010). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen v. LeMaire*, 112 F.3d 1339, 1346-47 (8th Cir. 1997). If the movant meets his burden, however, the nonmovant may not merely rest upon the allegations or denials in its pleadings to defeat the motion, but must instead submit affidavits and other probative evidentiary materials that set forth

_____

nondischargeability action against Debtor, Adv. No. 08-5004. In his adversary complaint, Orand Liebelt referenced the state court judgment in case no. 06-284 for Butte County. The adversary proceeding complaint and a copy of the state court verdict indicate the state court judgment was for Debtor's conversion of the Liebelts' hay. The adversary proceeding was dismissed as untimely. The judgment has been discharged under S.D.C.L. § 15-16-20 (doc. 30 in Bankr. No. 07-50303).

specific facts demonstrating there is a genuine issue of material fact that needs to be tried. Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56(e)(2); *Wilson v. International Business Machines Corp.*, 62 F.3d 237, 241 (8th Cir. 1995). Unsupported allegations, speculation, conjecture, or fantasy are not enough. *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791-92 (8th Cir. 2009) (quotations therein).

### III.

The family members have sufficiently raised issues of material fact so as to preclude partial summary judgment regarding the debt for the Liebelts' hay. Defendant Warren Falzerano has offered his affidavit saying two-thirds of the hay was purchased before the Family Settlement Agreement was executed and challenging the binding effect of the Family Settlement Agreement. Thus, a trial is needed to sort out who purchased the hay and for what purpose and whose cows ate which hay when, bearing in mind any preclusive effect the earlier state court judgment may have.[2]

An order will be entered denying Trustee-Plaintiff's Motion for Partial Summary Judgment Against Defendants Other than Debtor.

Dated: October 20, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[2] *See, e.g., Canyon Lake Park, L.L.C. v. Loftus Dental, P.C.*, 700 N.W.2d 729, 737-38 (S.D. 2005), regarding judicial estoppel and *Spyke, Inc. v. Zufall* (*In re Zufall*), 2007 WL 601568, *4 (Bankr. D.S.D. Feb. 21, 2007) (citations therein), regarding issue preclusion.